Anna C. BENNETT, Plaintiff,

v.

Gladys SHAUL, Executrix of Estate of Christina Brooks, Deceased, Defendant-Appellant,

Mearl R. Cummings and Margaret Cummings, His Wife, and A. L. Krodinger, Defendants-Respondents.

No. 46437.

Supreme Court of Missouri, Division No. 1.

Nov. 10, 1958.

Motion for Rehearing or to Transfer to Court en Banc Denied Dec. 8, 1958.

**308**

Louis L. Hicks, Clayton, for Gladys Shaul, Executrix of Estate of Christina Brooks, Deceased.

Dubail, Judge & Kilker, Charles R. Judge, St. Louis, for respondents, Mearl R. Cummings and Margaret Cummings.

WESTHUES, Judge.

This is a suit to quiet title to real estate located in St. Louis County, Missouri, known by street number as 2104–2106 Yale Avenue, Maplewood, Missouri. The trial court decreed Mearl R. Cummings and Margaret Cummings, his wife, to be the owners in fee of the property subject to a deed of trust wherein A. L. Krodinger was named as trustee. Christina Brooks, who claimed the property on the theory of a resulting trust, which claim was denied by the court's judgment, filed a notice of appeal after her motion for new trial was overruled. After an appeal was taken, Christina Brooks died and Gladys Shaul,

executrix of the estate of Christina Brooks, was substituted as a party.

The record shows that on June 4, 1956, Anna C. Bennett filed a suit in a Magistrate Court against Christina Brooks for rent and possession of the property involved in the case on this appeal. The defendant in that case, Christina Brooks, through her attorney filed an affidavit in the Magistrate Court alleging that she was the owner of the title and that the court was without jurisdiction to try the case and asked that it be transferred to the Circuit Court. The Magistrate Court promptly transferred the case.

On July 27, 1956, Christina Brooks filed in the Circuit Court what was designated as an answer and cross bill wherein she named Robert Cummings and A. L. Krodinger as parties-defendants. In this cross bill, Christina Brooks stated that William Bennett and his wife, Anna, held the bare legal title to the property but that she was the equitable and lawful owner because she had paid Bennett $1,000 to purchase the property for her but that Bennett caused the legal title to be vested in the name of Bennett and his wife; that she had been in possession of the property for many years and had paid for all repairs and all taxes thereon. Christina Brooks asked the court to enter a decree vesting title in her name.

Mearl R. Cummings, named in the cross bill of Christina Brooks as Robert Cummings, and his wife Margaret entered their appearance and filed an answer and cross bill to the cross bill filed by Christina Brooks. In the answer, the Cummings stated that they had acquired the property by deed on July 11, 1956. They stated that Anna Bennett had conveyed title to them. The Cummings, in the cross bill, asked the court to try and determine title to the property and to enter a decree in their favor.

George R. Wolf represented Christina Brooks at the trial of the case and W. Donald Dubail represented the Cummings.

The case was tried on what the attorneys considered the two cross bills. Note what occurred while Mr. Wolf was making his statement to the court:

"The Court: Yes, but what happened to the interest of Anna C. Bennett in this matter.

"Mr. Wolf: Well, as our stipulation will show Anna C. Bennett conveyed this property, following the death of William Bennett to the Cummings. So, with that situation in mind, Mr. Dubail and I agreed, with the Court's approval yesterday, that the original landlord's action be dismissed, so that we are now standing on and will try the issues involved in the two cross-bills."

The case, transferred from the Magistrate Court, was dismissed by agreement of all parties. Christina Brooks, a defendant in the Magistrate Court, by the filing of a cross bill became for all practical purposes the plaintiff in the case tried in the Circuit Court.

The evidence as to title being in the Cummings shows that it was stipulated that in 1942 Joseph Licavoli Arnold conveyed the property in dispute to William Bennett and his wife Anna; that on July 11, 1956, Anna C. Bennett, a single person and widow of William Bennett, conveyed the property to Mearl R. Cummings and his wife Margaret.

▆ The evidence in support of the claim of Christina Brooks was indeed meager. It fell far short of being sufficient to support a decree in her favor. Christina Brooks did not have any tax receipts and much of the evidence offered on her behalf was hearsay. Evidence, to support a trust of this nature, must be convincing and leave no reasonable doubt. 89 C.J.S. Trusts § 158, p. 1079.

▆ After the notice of appeal was filed, George R. Wolf withdrew as attorney for Christina Brooks. The case was briefed on her behalf in this court by attorney Louis L. Hicks. In the brief, no point is made that the decree was against the weight of the evidence. Nor is there any contention that the evidence on behalf of Christina Brooks justified a decree in her favor. The points briefed pertain to the jurisdiction of the Circuit Court to try the case. It is claimed that the case should not have been transferred to the Circuit Court because no statement in writing was filed setting out in what manner title to real estate was involved. It may be noted that Christina Brooks, now the appellant, requested in writing that the case be transferred to the Circuit Court. More important, however, is the fact that Christina Brooks filed a pleading in the Circuit Court wherein she claimed title and asked that Robert Cummings and A. L. Krodinger be made parties. These parties entered their appearance and filed an answer and cross bill to the pleading filed by Christina Brooks. The Circuit Court had jurisdiction of the subject matter. All parties, including appellant Brooks, invoked the court's jurisdiction to try the case and to grant them the relief prayed for in their respective pleadings. In these circumstances, the Circuit Court had jurisdiction to try and dispose of the case. In 21 C.J.S. Courts § 85c, p. 133, the rule is thus stated: "It is well established, as a general rule, that where the court has jurisdiction of the subject matter or cause of action, jurisdiction over the persons of the parties may be conferred by consent, as where defendant has voluntarily submitted to the jurisdiction of the court. Accordingly, express or implied consent of the parties to the jurisdiction of the court may operate to cure defects of jurisdiction arising from irregularities in the commencement of the proceedings, defective process, or even the absence of process."

▆ Christina Brooks, in her brief, says that a jury was not waived and that it was mandatory to have a jury to find the monthly value of rents and profits. Christina Brooks asked for equitable relief. The Cummings asked to have title vested

in them and for possession. No jury was requested. In the motion for new trial, no complaint was made of not having a jury. The case was in equity. The relief prayed for (possession, rents, and profits) was incidental to the main issues as made by the pleadings. Failure to have a jury was certainly not a fatal defect.

■ Respondents, the Cummings, filed a motion to dismiss the appeal for failure on the part of the appellant to comply with Rule 1.08 of the Rules of this court, 42 V.A.M.S. We have decided the case on its merits and hereby overrule the motion without further comment.

The judgment is affirmed.

All concur.