Danny HENNIS, a Minor, by Next Friend, F. C. Hennis, Plaintiff-Appellant,

v.

Fred L. TUCKER, W. F. S. Hopmeier, L. M. Chamberlin, L. L. Seeman, Allen Knaup, Defendants,

Mortgage Syndicate, Inc., Defendant-Respondent,

David Loeffelman, a Minor, by Next Friend, Allen Loeffelman, Defendant-Appellant.

Nos. 33294, 33295.

St. Louis Court of Appeals.

Missouri.

Oct. 21, 1969.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 18, 1969.

William R. O'Toole, St. Louis, for defendant-appellant.

Barksdale, Abbott, Adams & Wallace, Clayton, for defendant-respondent.

DOWD, Judge.

This is an action to recover for labor and to enforce a mechanic's lien against real estate by plaintiff Danny Hennis and cross-claimants Allen Knaup and David Loeffelman. Plaintiff and cross-claimants entered into a contract with defendant Fred L. Tucker, then the owner of the real estate, to perform labor at a rate of $2.50 per hour in the construction of a house. Plaintiff and Loeffelman claimed that Tucker was indebted to each of them in the amount of $1,568.75. Defendant Mortgage Syndicate, Inc. had a note and deed of trust against the property in the amount of $9,544.00, and subsequently foreclosed and bought in the property in May, 1966 and are the owners of the property.

The plaintiff and the cross-claimants testified in detail concerning the agreement with Tucker and the work performed and the amounts owed to them by Tucker. Hennis and Loeffelman each received a check dated August 4, 1965 for $200.00 from Tucker and issued by Mortgage Syndicate, Inc., and Knaup received a check

for $100.00 dated August 4, 1965 from the same company. Hennis received an additional $50.00 from Tucker in October, 1965. Loeffelman received a check for $200.00 from Tucker on December 22, 1965 which was to be equally divided with Hennis, but this check was returned from the bank because of insufficient funds.

Hill-Behan Lumber Company and Bayless Building Material Company which furnished materials for the job, entered their appearance in the cause and filed liens against the property in the amount of $3,-225.16 and $425.92. These claims were dismissed by stipulation with Mortgage Syndicate, Inc. before trial.

Upon submission of the case to the court, the court dismissed the claims of plaintiff and cross-claimants as against defendant Mortgage Syndicate, Inc. finding " * * * that the Plaintiff's and Cross-Claimants' claims are barred by the Statute of Limitations (Vernon's Annotated Missouri Statutes 429.170) as against defendant Mortgage Syndicate, Inc., its trustee and Successor Trustee, in that the record shows affirmatively that the Claimants have failed to prosecute their claims without unnecessary delay."

Plaintiff and cross-claimant Loeffelman appealed. Knaup has dismissed his appeal. The same attorney represents plaintiff and cross-claimant Loeffelman.

The issue here is whether the claimants failed to prosecute their claims without unnecessary delay and are therefore barred by Section 429.170 V.A.M.S.

This section dealing with mechanic's lien requires that the action to enforce a lien be "commenced" within six months after filing the lien and prosecuted without unnecessary delay to final judgment.

The facts relative to this issue are that the appellants' lien statements were filed in the office of the Circuit Court of Jeffer-son County on January 12, 1966. Plaintiff filed suit in the Circuit Court of Jefferson County on June 28, 1966, and summons was issued the same day for defendant Tucker. A "non-est" return on this summons was made by the sheriff of St. Louis County and the summons was returned to the Jefferson County Circuit Clerk on July 11, 1966. An alias summons on plaintiff's petition was issued for the defendant Tucker on February 23, 1967, and was returned by the sheriff of St. Louis County "non-est" on February 28, 1967. Three other summonses were issued for Tucker by the other cross-claimants which were also returned "non-est." Plaintiff filed an affidavit for service by publication on plaintiff's petition against Tucker in the Circuit Court of Jefferson County on June 23, 1967, and service by publication was thereafter effected.

Loeffelman's cross-claim was filed in Circuit Court of Jefferson County on July 11, 1966, and a summons issued the same day for the defendant Tucker and that summons was returned by the sheriff of St. Louis County "non-est" on August 15, 1966. It is stipulated in the record that no further summons was issued for defendant Tucker on defendant Loeffelman's cross-claim. The plaintiff's publication against Tucker referred only to the "aforesaid petition" and made no reference to the cross-claim of Loeffelman. However, Loeffelman contends that the publication sued out by the plaintiff was sufficient for the whole case and that he was entitled to the benefit of it. Respondent opposes this contention. Our decision on plaintiff's claim will render unnecessary our ruling on this point.

The attorney for the claimants testified that he thought it was necessary that Tucker be served personally and testified about his efforts to locate Tucker. He talked to Tucker's mother and on January 10, 1967, he wrote the Department of Revenue asking for the name and address of a certain automobile license plate holder sup-

posedly issued to a 1967 Buick. The license was not issued to Tucker. He advised the sheriff of St. Louis County by letter on February 27, 1967 that Tucker was employed at Monsanto Company and gave the sheriff an address for Tucker.

Both plaintiff and cross-claimants testified that they had seen Tucker at various times in St. Louis County before and after the filing of the suit. Plaintiff obtained his automobile license number and gave it to his attorney. Plaintiff went to an address in St. Louis County and talked to Tucker's mother in an attempt to locate him. Loeffelman was informed by the personnel department of Monsanto Company that a Fred L. Tucker was employed by that company.

■ Section 429.190 V.A.M.S. which deals with mechanic's lien provides: "In all suits under sections 429.010 to 429.340 the parties to the contract shall, * * * be made parties, * * *." Thus, this section made it mandatory that Tucker, who made the contract with plaintiff and cross-claimant Loeffelman, be made a party to this suit in order to invoke the provisions of the mechanic's lien law.

■ It is clear that the actions here were "commenced" within the six month statute. According to our practice, an action is commenced by the filing of a petition and the issuance of a summons. Civil Rule 53.01 V.A.M.R. Upon the filing of the petition the clerk then issues forthwith the original summons. Additional summoneses are only issued at the request of the plaintiff. Civil Rule 54.01 V.A.M.R. The filing of a petition and issuance of a summons is but a conditional halting of the statute of limitations, and unless a plaintiff thereafter exercises due diligence in obtaining service of process the statute continues to run. Emanuel v. Richards, Mo. App., 426 S.W.2d 716, 718. Plaintiff filed suit five months and sixteen days after the filing of lien statement. Loeffelman filed his cross-claim the day before the six month statute would have run.

■ Whether claims are prosecuted diligently must, of course, be decided on a case by case basis. In Continental Elec. Co. v. Ebco, Inc., Mo., 375 S.W.2d 134, relied upon by both sides, the court sustained the defense of the statute of limitations. The Continental case involved a situation similar to that here presented. It was a materialman's lien case and involved the same six month statute. The plaintiff there filed suit within the six month period and a "non-est" return was made on the defendant. After a delay of eight months, service was had on the registered agent of the defendant. This service was readily available to the plaintiff during this eight month period. The court held at page, 138 that this delay constituted " * * * unexcused neglect for a period in excess of the period of limitation to cause process to be issued which would confer upon the court jurisdiction of an essential party [and] is fatal to the maintenance of the action to enforce the lien. * * *"

In Mayne v. Jacob Michel Real Estate Co., 237 Mo.App. 952, 180 S.W.2d 809, which was cited approvingly by Continental, the court also sustained the defense of the statute of limitations. The Mayne case was a suit to recover sewer taxes and involved a five year statute of limitations. There was a delay of ten years after a "non-est" return until service was had on an alias summons. The court stated at page 812:

" * * * The cases differ somewhat with respect to the course of reasoning adopted, but they all proceed upon the same underlying principle and arrive at the same result. They all manifest the same unwillingness to permit the period of limitation to be prolonged by the failure of the plaintiff to make diligent use of the means provided by law for obtaining jurisdiction of the defendant."

In Continental the court at pages 138–139, of 375 S.W.2d further stated:

" * * * If prompt determination of the lien claim is to be achieved, and such is the obvious purpose of the short limitation period, there can be no reason to accord to the party bringing the suit a period of time for obtaining process which exceeds the time within which he is required to sue. * * *"

In Driscoll v. Konze, Mo., 322 S.W.2d 824, also cited by appellants and respondent, the defense of the statute of limitations was sustained by the court where the plaintiff sought to revive a judgment by scire facias, and without reason waited over a year to request an alias writ. The court held that this delay "worked a discontinuance" of the original judgment.

■ Just as in Driscoll we do not think it possible to set up general standards under which it can be determined when a lack of diligence to proceed in issuance of process will constitute a discontinuance of the action. Certainly the period of time set out in the statute of limitations applicable to the case itself should not be taken to constitute the period of extension gained after the original issuance of process. Each case must depend upon all the relevant facts which appear.

■ There are two periods of dormancy present here. The first period was between the "non-est" return of the original summons on plaintiff's petition and the ordering of the alias summons and was for a period of seven months and twelve days which is longer than the six month limitation period. The second period of dormancy was for approximately four months between the "non-est" return on plaintiff's alias summons and the ordering of the service of publication. The combined total of both periods of dormancy is over eleven months. When the original summonses for Tucker were returned "non-est", it was the duty of claimants to make use of other means of service available. Plaintiff waited for over eleven months from the "non-est" return on the original summons before ordering service by publication. As was pointed out in Continental the purpose of this short period of limitation is to achieve a prompt determination of lien claims. This total delay of over eleven months before ordering service by publication which was available to plaintiff did not constitute a diligent prosecution of the claim.

■ Plaintiff contends that this delay should be excused because he and the other claimants were conducting a search for Tucker in order to obtain personal service on him. This contention is without merit for the reason that the plaintiff and cross-claimant could perfect a mechanic's lien against the property on the basis of service by publication on Tucker. Civil Rule 101.-08 V.A.M.R. Plaintiff ultimately proceeded to trial on the basis of service by publication on Tucker. Plaintiff was not justified in delaying this lien claim for eleven months before ordering service by publication.

■ Appellants also contend that respondent is estopped to assert the statute of limitations or had waived such defense by not asserting it against two other lien claimants. However, appellants concede in their brief the right of an owner to compromise lien claims and to secure their dismissal. At the time of the dismissal of these claims, respondent was the owner and had a right to settle these claims. Appellants' cited authorities are not in point. The principles of estoppel and waiver are not applicable to the facts here. This contention is without merit.

We agree with the trial court and hold that the claimants failed to prosecute their claims without unnecessary delay and the liens were barred under Section 429.170 by reason of the delay of appellants in obtaining service by publication upon Tucker.

The judgment of the trial court is affirmed.

WOLFE, P. J., and BRADY, J., concur.