Dora WOOLIVER, Plaintiff-Respondent,

v.

Alvin C. SCHOPP, Defendant-Appellant.

No. 35018.

Missouri Court of Appeals,
St. Louis District,
Division 1.

March 5, 1974.

Motion for Rehearing by Court En Banc or
Transfer Denied April 8, 1974.

Application to Transfer Denied
June 10, 1974.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, Joseph H. Mueller, St. Louis, for defendant-appellant.

Steinger, Schaeffer & Schaeffer, Herbert D. Schaeffer, Clayton, for plaintiff-respondent.

DOWD, Chief Judge.

This is a medical malpractice action which was instituted by filing a petition on September 15, 1967. The basis of the petition is the alleged negligence involved in the defendant's surgical treatment of plaintiff on or about September 24, 1965. The jury found in favor of defendant. The defendant appealed from the order of the trial court granting the plaintiff a new trial.

Defendant asserts on this appeal that the court erred in not granting his motion to dismiss this action on the grounds that it was barred by the statute of limitations. Because we believe the defendant is correct in this assertion, we will discuss only those facts pertinent to the motion to dismiss.

The alleged act of negligence occurred on or about September 24, 1965. Plaintiff's action "commenced" on September 15, 1967, and the original writ of summons issued September 18, 1967. That writ was returned non est. An alias writ of summons was issued on January 29, 1969 and was returned non est. A pluries writ of summons was issued on September 24, 1969

and was served upon the defendant September 29, 1969.

On October 15, 1969 the defendant filed a motion to dismiss because the action was barred by the statute of limitations, Section 516.140, RSMo 1969, V.A.M.S. The motion was denied on November 7, 1969. The defendant orally renewed this motion before the court on the day of trial and it was again denied.

 Section 516.140, RSMo 1969, V.A.M.S., provides that all actions against physicians must be commenced within two years "from the date of the act of neglect complained of." This cause of action accrued September 24, 1965 and was "commenced" within the two year statute. However, the filing of a petition and the issuance of a summons is but a conditional halting of the statute of limitations and unless a plaintiff thereafter exercises due diligence in obtaining service of process the statute continues to run. Emanuel v. Richards, 426 S.W.2d 716, 716, 718 (Mo. App.1968); Hennis v. Tucker, 447 S.W.2d 580, 583 (Mo.App.1969).[1] According to our practice, an action is commenced by filing a petition with the court. Rule 53.01, V.A.M.R. Upon the filing of the petition the clerk then issues forthwith the original summons. Additional summonses are only issued at the request of the plaintiff. Rule 54.01, V.A.M.R.

Whether a plaintiff has exercised due diligence must be decided on a case by case basis. *Hennis,* supra at 583. Turning to the case at hand, two periods of dormancy are apparent from the record. The first is the sixteen month period between the issuance of the original writ of summons and the alias writ. The second is the eight month period between the alias writ and the pluries writ. In all, the service upon defendant was over four years after the cause of action had accrued. The defendant maintained an office and practiced within the City of St. Louis during this period, and the address of this office was included in the plaintiff's petition. Under these facts, it is obvious that due diligence was not exercised in securing service of process, and we hold that the statute of limitations continued to run barring this action.[2] The defendant's motion to dismiss should have been granted.

We, therefore, reverse and remand with instructions to dismiss plaintiff's cause of action.

SIMEONE, WEIER and KELLY, JJ., concur.

---

1. See also Driscoll v. Konze, 322 S.W.2d 824 (Mo.1969); Mayne v. Jacob Michel Real Estate Co., 237 Mo.App. 952, 180 S.W.2d 809 (1944).

2. Respondent's attorney in this appeal was not the attorney who represented respondent during the time the two periods of dormancy occurred.