Mayo .VOTAW et al., Appellants,

v.

Margaret M. SCHMITTGENS, Respondent.

No. 36324.

Missouri Court of Appeals, St. Louis District, Division Three.

June 1, 1976.

Motion for Rehearing or Transfer to Court En Banc or Transfer to Supreme Court Denied . July 8, 1976.

Hansen, Stierberger & Hartley, Union, for appellants.

Kortenhof & Ely, Frank E. Strzelec, St. Louis, for respondent.

KELLY, Judge.

This is an appeal from a judgment of dismissal entered by the St. Louis County Circuit Court following its order sustaining defendant-respondent's Motion to Dismiss two counts of plaintiff-respondents' petition seeking damages for both personal injuries and property damages arising out of an automobile collision occurring on June 22, 1968, on the ground that the claims were barred by the statutes of limitations applicable thereto. §§ 516.100 and 516.120, V.A.M.S. We reverse and remand.

On June 22, 1968, Mayo Votaw was operating his motor vehicle in the vicinity of Highway 66 and Sturdy Drive in St. Louis County when it came into collision with another motor vehicle being operated by the defendant-respondent, hereinafter the defendant. Dorothy Votaw, his wife, and his minor son, David, then 15½ years of age, were passengers in the Votaw automobile. As a result of this collision the Votaws allege in their petition that they sustained personal injuries and Mr. Votaw alleges his automobile was damaged. On May 16, 1973, the Votaws filed their petition in three counts in the Circuit Court of St. Louis County; Count I was Mr. Votaw's claim, Count II was Mrs. Votaw's claim, and Count III was filed by Mr. Votaw as next friend for his minor son, David. The petition recited that the address of the defendant was "8810 Manda, Crestwood, Missouri." On May 17, 1973, summons was issued directed to the Sheriff of St. Louis County for service and on June 18, 1973, was returned "non est." On February 1, 1974, an alias summons was issued directed to the Sheriff of St. Charles County and personal service was obtained on the defendant on February 11, 1974 and return on this alias summons was filed in the office of the Clerk of the St. Louis County Circuit Court on February 27, 1974. This return of service contains the following:

"I hereby certify that I have served the within summons:

(1) by delivering on the 11th day of February, 1974, a copy of the summons and a copy of the petition to each of the

within-named defendants, Margaret M. Schmittgens n/k/a Margaret M. Kuehler at 2940 Hummingbird, St. Charles Mo. at 6:45 P.M.

\* \* \* \* \* \*

/s/ Robert A Koester
Sheriff of St. Charles County, Missouri
by /s/ Grace Kuehler
Deputy."

On March 13, 1974, defendant, through counsel, filed a Motion to Dismiss Counts I and II of plaintiffs' petition—the two counts wherein Mr. Votaw and Mrs. Votaw, respectively, sought damages—and an Answer to Count III of the petition—that Count brought by Mr. Votaw as next friend for and on behalf of his minor son, David. The ground stated in defendant's Motion to Dismiss was lack of diligence on the part of Mr. and Mrs. Votaw in attempting to obtain service on the defendant because service was not accomplished until the statute of limitations had run and their claims were therefore barred. In due time this Motion was argued, taken as submitted and sustained. Plaintiffs filed a timely notice of appeal and in this court contend that the trial court erred in sustaining defendant's Motion to Dismiss.

The only issue presented to this court is whether the trial court erred in dismissing Counts I and II of plaintiffs' petition on the ground that it was barred by the statute of limitations, § 516.120 RSMo. 1969.

The parties to this appeal are in agreement on the law applicable to the issue in this case; where they disagree, is whether, under the circumstances the plaintiffs exercised due diligence to obtain service on the defendant, and thereby toll the limitations.

■ Section 516.120 RSMo. 1969, the limitations statute applicable to this case, requires that all such actions be commenced within five years of the date on which they accrue. This cause of action accrued on June 22, 1968, and was "commenced" on May 16, 1973, within the period of limitations. The filing of a petition with the court constitutes the "commencement of a

civil action." Rule 53.01. However, the filing of a petition with the court and the issuance of summons forthwith by the clerk of the court is but a conditional halting of the statute of limitations and unless the plaintiff thereafter exercises due diligence in obtaining service of process the statute continues to run. While Rule 54.01 requires that the clerk issue forthwith the required summons or other process upon the filing of the petition with the court, it is the responsibility of the plaintiff to request of the clerk the issuance of separate or additional summons. Whether a plaintiff has exercised due diligence must be decided on a case by case basis. *Wooliver v. Schopp,* 509 S.W.2d 216, 217[2] (Mo.App.1974). It is not possible to satisfactorily state any general standards by which it may be determined when and under what circumstances one's lack of due diligence to proceed in the issuance of process may amount to a discontinuance of the action or destroy the effectiveness of a pending proceeding. *Driscoll v. Konze,* 322 S.W.2d 824, 829 (Mo.1959).

■ All of the cases cited by respondent show a lengthier period of lassitude by the plaintiff than we find present in this case; for that reason, and others, we find that they may be distinguished from the present case. *Wooliver v. Schopp,* supra, was a medical malpractice case governed by a two year statute of limitations. Suit was not commenced in *Wooliver* until September 15, 1967, and the cause of action accrued on September 24, 1965, and service was not had on the defendant until September 29, 1969, more than two years after the action was commenced. *Tanner v. Presidents First Lady Spa, Inc.,* 345 F.Supp. 950 (E.D. Mo.1964) was a libel and slander action, likewise subject to a two year statute of limitations, § 516.140 RSMo. 1969, and based upon defamations which had occurred in March, 1968. The petition was filed on April 2, 1971, but plaintiff there claimed the statute had been tolled by an action previously commenced in the District Court and his present claim was not barred. Applying the "due diligence" principle, the District Court pointed out that despite the fact that the original claim had been pending twen-

ty-three months, personal service was never acquired over the two defendants in that case, who were also the named defendants in the current case, and constituted lack of due diligence in the prosecution of that suit. As an additional grounds, the court also said: l.c. 961: "Considerations of due diligence aside, the court also finds that the present action is barred under the rule of *Mertens v. McMahon,* supra (115 S.W.2d 180 (Mo.App.1938)). There was no valid process and personal jurisdiction was never acquired over Richard L. Minns or Presidents—First Lady Spa, Inc. The 'court did not have jurisdiction and never did acquire jurisdiction over the defendant and was, therefore, never in a position to try that cause. That cause having been dismissed without the court ever having acquired jurisdiction, the legal situation is the same as though that suit was never filed.' "

The other two cases—*Hennis v. Tucker,* 447 S.W.2d 580 (Mo.App.1969) and *Continental Electric Company v. Ebco, Inc.,* 375 S.W.2d 134 (Mo.1964)—were mechanic's liens cases, where, because of the nature of the statutory actions and the clouds they cast upon title to realty the legislature has imposed strict procedural requisites which must be religiously obeyed. The court in *Hennis v. Tucker* held that a seven months and twelve days' delay between the "non est" return of the original summons and the ordering of the alias summons, and a second period of dormancy of four months between the "non est" return of the alias summons and the ordering of service by publication which resulted in obtaining service on the defendant Tucker—a total of more than 11 months—constituted grounds for dismissal for the reason plaintiff did not prosecute his claim with due diligence. In *Continental Electric Co.,* the cause of action was commenced on February 5, 1960, by the filing of the petition in the Circuit Court of Clay County and within six months of the filing of its lien statement. Summons was issued and service had on the owner of the buildings for which plaintiff had furnished materials. However, the summons for the sub-contractor, was sent to the Sheriff for Jackson County for service at an address in Kansas City, Missouri, on February 10, 1960. The Sheriff, unable to serve the defendant, notified plaintiff on the same day, February 10, 1960, of this fact and a "non est" return was made with the clerk on February 11, 1960. The clerk likewise notified plaintiff that service was not had. No further process was issued until October 10, 1960, when, after a pre-trial conference on October 7, 1960, plaintiff requested and had issued an alias summons which was served by the Sheriff of Jackson County on October 14, 1960, by serving the registered agent of the defendant. It was under these circumstances that the Supreme Court affirmed the judgment of the trial court sustaining the defendant's motion for judgment, notwithstanding a jury verdict for the plaintiff on the ground that plaintiff had not exercised due diligence in obtaining process for service upon Ebco.

None of the decisions relied upon by respondent are factually controlling. Under all the circumstances of this case we conclude that the plaintiffs should have an opportunity for a determination of the merits of their claims and we therefore reverse and remand the cause for further proceedings.

The judgment of the trial court dismissing Counts I and II of the petition is reversed and the cause is remanded for further proceedings.

SIMEONE, P. J., concurs in separate concurring opinion.

GUNN, J., dissents in separate opinion.

SIMEONE, Presiding Judge (concurring).

I concur in the opinion of Kelly, J., and add a few comments.

This case exemplifies the old principle that general principles do not resolve concrete cases. The cases relied upon by the respondent are factually distinguishable and are not dispositive of the circumstances in this record. Here there was little more than a seven-month delay between the time of the "non est" return and effective service upon the respondent—June 18, 1973, through February 11, 1974.

The record indicates that on May 14, 1973, plaintiffs filed their petition. The petition listed the defendant, Margaret Schmittgens, as residing at "8810 Manda, Crestwood, Missouri." A summons was issued against the defendant by the clerk of the circuit court who delivered the summons to the Sheriff of St. Louis County for service on the defendant. The summons was returned "non est" on June 18, 1973, indicating that she lives in St. Charles and is married but indicating her married name was unknown. The fifth anniversary of plaintiffs' cause of action arrived four days later, on June 22, 1973. On February 1, 1974, an alias summons was requested by plaintiffs' counsel to issue against Margaret M. Schmittgens, "now named Margaret M. Kuehler, whose present address is at 530 Morgan, St. Charles County, Missouri 63301." The alias summons was issued on February 6, 1974, delivered to the Sheriff of St. Charles County for service on the defendant, served on February 11, 1974, and returned on February 27, 1974. The return indicated that "Margaret M. Schmittgens, n/k/a Margaret M. Kuehler," had been personally served on February 11, 1974, at 2940 Hummingbird, St. Charles, Missouri. Under these circumstances, it can reasonably be inferred that some effort was made by counsel for appellant prior to February, 1974 to determine the new facts and obtain service on February 11, 1974.

In my opinion, the seven-month delay here does not measure up to the unexcused delays in the *Mayne, Wooliver, Continental* and *Hennis* cases.[1] Delay is only one factor to be considered in determining due diligence. Seven months is not an inordinate amount of time under the unique circumstances in this record and does not necessarily show a lack of due diligence. We only rule on this case.

---

1. Cf. *Mayne v. Jacob Michel Real Estate Co.,* 237 Mo.App. 952, 180 S.W.2d 809 (1944)—period of ten years passed after a "non est" return on the original summons before service was attempted and effectuated on an alias summons; *Wooliver v. Schopp,* 509 S.W.2d 216 (Mo.App.1974)—two year delay in obtaining service on defendant in a medical malpractice

GUNN, Judge (dissenting).

The majority opinion correctly and precisely recites the law applicable to the circumstances of this case. But I am constrained to dissent from the conclusions reached in the majority opinion, in that I would hold that there was a lack of due diligence exercised by the plaintiffs to obtain service of process on the defendant. I cannot find that the trial court was in error in failing to conclude that there had been a diligent prosecution of the plaintiffs' claim by their nonfeasance to inquire as to the status of the service of process for a seven month, 14 day period after the statute of limitations had run on plaintiffs' cause of action. See *Continental Electric Company v. Ebco, Incorporated,* 375 S.W.2d 134 (Mo. 1964); *Wooliver v. Schopp,* 509 S.W.2d 216 (Mo.App.1974); *Hennis v. Tucker,* 447 S.W.2d 580 (Mo.App.1969).

suit which carries a two-year limitation period; *Continental Electric Company v. Ebco, Incorporated,* 375 S.W.2d 134 (Mo.1964), and *Hennis v. Tucker,* 447 S.W.2d 580 (Mo.App.1969)—delays of eight and eleven months respectively found to amount to a lack of due diligence in these mechanic's lien cases which carry a six-month limitation period.