**CITY–WIDE ASPHALT COMPANY, INC., Appellant/Respondent,**

v.

**INDUSTRIAL PAVING, INC., et al., Defendants,**

**and**

**James L. Webb and Lucy L. Webb, et al., Respondents/Appellants.**

**Nos. WD 45391, WD 45429.**

Missouri Court of Appeals, Western District.

Sept. 8, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 27, 1992.

John Joseph Phillips, Independence, for City–Wide Asphalt Co., Inc.

Thomas J. Daly, Joseph Y. DeCuyper, Kansas City, for Industrial Paving, Inc., et al.

Before ULRICH, P.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

This action arises out of certain paving work performed by appellant-respondent, City–Wide Asphalt Company Inc., (City Wide) as a subcontractor for Industrial Paving, Inc., (Industrial Paving). The paving work was for installation of streets and curbs in a subdivision then owned by respondents-cross-appellants James L. Webb, Lucy L. Webb and J.L.W. Inc., et al., (Respondents).[1]

City–Wide was not paid for the paving work in question. In an effort to secure payment, City–Wide filed two mechanics' liens. Subsequently, City–Wide filed suit to enforce its mechanics' liens.[2] City–Wide's first mechanic's lien was for the amount of $19,476.82 (lien # 1) and its second lien was for the amount of $11,903.42 (lien # 2). The trial court found against City–Wide on lien # 1 and in favor of City–Wide on lien # 2. City–Wide appeals from the adverse judgment on lien # 1 and from the trial court's failure to award interest on lien # 2. Respondents cross-appeal from the trial court's failure to grant their motion to dismiss.

In its first point on appeal, City–Wide argues that the trial court erred in failing to award prejudgment interest on lien # 2. City–Wide argues that the $11,903.42 was a liquidated amount due on June 26, 1986. Respondents concede that if City–Wide is entitled to judgment, it is entitled to prejudgment interest. As discussed subsequently herein, we find that the trial court did not err in failing to grant respondent's motion to dismiss. The judgment on lien # 2 was proper and, therefore, City–Wide's first point is sustained. City–Wide is to be awarded prejudgment interest in the amount of 9% per annum from and after June 26, 1986. § 408.020 RSMo, 1986; *Ohlendorf v. Feinstein*, 670 S.W.2d 930, 935 (Mo.App.1984).

In the second of its two points, City–Wide argues that the trial court erred in disallowing lien # 1 on the ground that a non-lienable item was included in the lien statement.

Our standard of review in this court tried case is to sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it

---

1. The other respondents are owners of lots in the subdivision in question.

2. City–Wide's separate actions to enforce two separate mechanics' liens were consolidated into a single cause at trial.

erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Filing of a just and true account is the foundation of the right to maintain suit for enforcement of a mechanic's lien and a condition precedent to the lien. *Bremer v. Mohr,* 478 S.W.2d 14, 18 (Mo. App.1972). "The filing of an unjust and untrue account, knowingly made, forms no basis for a lien, and no foundation for a cause of action to enforce it, but vitiates the entire right of lien." *Id.* (citations omitted.) A mechanic's lien claimant has the burden to establish that an excessive claim was due to an honest mistake and not to design. *Id.*

The record reflects that City–Wide initially incorporated $19,476.82 worth of asphalt product into the paving project. City–Wide then filed its lien statement for this asphalt, lien # 1. After filing its lien statement, City–Wide removed approximately one-fourth of the asphalt and replaced it with new asphalt. However, City–Wide then filed lien # 2 which was a separate lien statement for the new asphalt. City–Wide did not amend its original lien statement, lien # 1, after one-fourth of the product was removed and brought suit on the full amount.

The evidence supports the trial court's judgment that the inclusion of the non-lienable product in lien # 1 was not an honest mistake. It cannot be said that the trial court erred in finding that City–Wide failed to meet its burden to show otherwise.

City–Wide's second point is denied.

■ In their cross-appeal, respondents argue that the trial court erred, in regard to lien # 2, in failing to sustain their motion to dismiss City–Wide's suit because City–Wide did not obtain service of process on a necessary party until more than six months after filing of the lien notice and because the delay was not shown to be the result of excusable neglect.

■ Section 429.170, RSMo, 1986, provides that a petition to foreclose on a mechanic's lien shall be commenced within six months after filing the lien. The action is commenced within the statute by the filing of a petition and the issuance of the summons. *Continental Electric Company v. Ebco, Incorporated,* 375 S.W.2d 134, 137 (Mo.1964). The filing of the petition and the issuance of summons amounts to a conditional halting of the statutory limitation, and if the plaintiff uses due diligence to obtain service of process thereafter the statute is tolled. *Hennis v. Tucker,* 447 S.W.2d 580, 583 (Mo.App.1969).

City–Wide's mechanic's lien statement on lien # 2 was filed with the court on October 27, 1986. City–Wide's petition to foreclose mechanic's lien was filed with the court on April 24, 1987, which was within six months of the lien being filed.

On July 1, 1986, the defendant Industrial forfeited its corporate good standing in the State of Missouri for failure to have a registered agent and, at the time of the forfeiture, the defendants John Thurston, Betty Thurston, Michael Denslow and Roberta Denslow were the statutory trustees, pursuant to § 351.525, RSMo 1986.

Service of process was obtained upon all 24 named defendants, other than statutory trustee Betty Thurston, by July 22, 1987. The original summons directed to statutory trustee Betty Thurston was returned non est on May 27, 1987, with a notation that she had moved from the address provided by City–Wide. City–Wide then requested the appointment of a special process server on June 25, 1987. The special process server filed a return on July 29, 1987, stating that Betty Thurston was not able to be served. The process server spoke with Mrs. Thurston's husband who told the process server that Mrs. Thurston was out of state and would not return for some time. Mr. Thurston refused to give any address for Mrs. Thurston. On January 21, 1988, another special process server was requested and Mrs. Thurston was ultimately served on February 24, 1988.

The record reflects that Mrs. Thurston made herself unavailable for service and it cannot be said that the trial court erred by finding that City–Wide used due diligence to obtain service on Mrs. Thurston under the circumstances herein.

Respondents' cross-appeal is denied.

The judgment of the trial court is reversed to the extent that City-Wide is hereby allowed prejudgment interest from and after June 26, 1986 at the rate of 9% per annum on the amount of $11,903.42 (lien # 2). In all other respects, the judgment is affirmed.

All concur.

