**J.H. BERRA PAVING CO., INC., Respondent,**

v.

**CITY OF EUREKA, Missouri, Appellant.**

**No. ED 78693.**

Missouri Court of Appeals, Eastern District, Division Two.

July 17, 2001.

Katherine L. Butler, Patrick S. Butler, Eureka, MO, for appellant.

David L. Welsh, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

City of Eureka ("City") appeals the grant of respondent's, J.H. Berra Paving Co., Inc. ("Berra"), motion for summary judgment to enforce its mechanic's lien on Lot 243 of Vista Glen Addition Phase Two. City claims the trial court erred in granting the motion because: (1) the trial court was without jurisdiction to enforce Berra's mechanic's lien due to Berra's failure to join City as a necessary party within the applicable statute of limitations under section 429.170 RSMo 1994;[1] (2) the lien action itself was defective because Berra failed to provide City with adequate notice as required by section 429.100; (3) the lien statement was defective because it did not represent a "just and true account" of the amount owed as required by section 429.080; and (4) Berra did not properly plead the validity of City's title to Lot 243 and therefore the court lacked jurisdiction to rule on the issue. We reverse and remand.

In April of 1997, Premier Partners Legends, L.L.C. ("PPL") transferred real property, Vista Glen Addition Phase Two ("Vista Glen"), to Premier Mayer Legends, L.L.C. ("PML").[2] Subsequent to this

---

[1] All further statutory references are to RSMo 1994 unless otherwise indicated.

[2] Premier Partners Legends and Premier Mayer Legends are separate limited liability

transfer, in February of 1998, Premier Development Corporation ("PDC"), acting as an agent for PML, contracted with Berra to install a concrete access road on Lot 243 in Vista Glen to a water tank on the property. Pursuant to the terms of the contract, Berra completed the installation on November 25, 1998. At the end of the project, Berra delivered an invoice to PDC for the amount owed. Neither PDC nor PML ever paid any portion of the amount owed. In response, on March 31, 1999, Berra gave notice to PML of its intent to file a mechanic's lien, and later filed the lien on April 14, 1999. Subsequently, Berra filed its petition to enforce its mechanic's lien against PDC and PML on May 14, 1999. Neither PDC nor PML answered or made an appearance and judgment was entered against them on October 5, 1999.

On November 29, 1999, more than six months after the original lien was filed, Berra filed an amended petition adding City as a party and alleging that PML had transferred title to Lot 243 to City "on or about March 17, 1999" (prior to Berra filing its mechanic's lien). City filed a motion to dismiss alleging lack of jurisdiction because the applicable statute of limitations had run under section 429.170. The trial court denied City's motion at which time City filed an answer to Berra's amended petition in which City again raised the statute of limitations as an affirmative defense. Berra then filed a motion for summary judgment claiming, among other things, that Lot 243 was conveyed to PML in April 1997, and that City had received a quitclaim deed from PPL dated February 24, 1999 and recorded March 17, 1999, "purporting" to convey Lot 243 to

City. City filed no response to Berra's motion for summary judgment. The trial court granted Berra's motion for summary judgment, finding that City had no interest in Lot 243, or to the extent it had an interest, it was inferior to Berra's lien. This appeal followed. Because it is dispositive, we need only address appellant's point one.

■ In its first point on appeal, City contends that the trial court lacked jurisdiction to hear Berra's case because City was a necessary party which was required to be joined before the applicable statute of limitations under section 429.170 had run.[3] Berra's failure to join City within the statute of limitations thus rendered its mechanic's lien invalid. The trial court disagreed and ruled that City was not a necessary party because it had no interest in Lot 243 or to the extent it had an interest it was inferior to Berra's lien.

Section 429.190 sets out who the parties are in an action to create a mechanic's lien: "[i]n all suits under sections 429.010 to 429.340 the parties to the contract *shall*, and all other persons interested in the matter in controversy or in the property charged with the lien *may* be made parties, but such as are not made parties shall not be bound by any such proceedings." Section 429.190 (emphasis added).

■ According to the statute, parties to the contract are necessary parties who must be joined in a proceeding to adjudicate a lien. *Structo Corp. v. Leverage Inv. Enterprises, Ltd.,* 613 S.W.2d 197, 200 (Mo.App.1981). Other persons with interest in the property charged are "nominally

---

companies. PPL is, however, a managing member of PML.

3. City also cites to section 429.280; however, that section sets out the notice requirements for equitable liens, which is not applicable to

Berra's lien. Section 429.330 provides that the equitable action provisions in chapter 429 shall not apply to instances in which there is only one mechanic's lien claimed against the property.

permissive, but equally necessary for the efficacy of judgment." *Glasco Elec. Co. v. Best Elec. Co.,* 751 S.W.2d 104, 112 (Mo. App.1988) (quoting *Structo,* 613 S.W.2d at 200). The nature of a mechanic's lien proceeding dictates that "all persons who have an interest in the property to be affected by the lien, should be made parties and given the opportunity to be heard against the proposed lien." *Western Brass Mfg. Co. v. Boyce,* 74 Mo.App. 343 (Mo.App. 1898).

■ Under chapter 429, there are two statutes of limitation that a claimant must comply with in order to perfect its mechanic's lien, section 429.080 and section 429.170. Section 429.080 states that a lien must be filed within six months after the debt has accrued (i.e. within six months of completion of the work). Section 429.170 states that an action to enforce the mechanic's lien must commence within six months after filing the lien. An action to enforce is "commenced within the statute by the filing of a petition and the issuance of the summons." *City–Wide Asphalt Co., Inc. v. Industrial Paving, Inc.,* 838 S.W.2d 480, 482 (Mo.App.1992) (*citing Continental Electric Co. v. Ebco, Inc.,* 375 S.W.2d 134, 137 (Mo.1964)).

■ It is therefore well settled under the mechanic's lien law that a plaintiff must bring suit within six months after filing the lien and if no suit is brought during this time, the lien is lost.[4] *Badger Lumber Co. v. Staley,* 141 Mo.App. 295, 125 S.W. 779, 780 (1910). Accordingly, "the lien is preserved beyond the [six-month period] only as to those parties who are made defendants [prior to the end of this time period]." *Id.* After the expiration of the statute of limitations in section

429.170, new parties cannot be joined by an amendment to the petition. *Id. See also Hiller v. Schulte,* 184 Mo.App. 42, 167 S.W. 461, 462 (1913). If an amended petition is filed after [six months], new parties named in such petition cannot be affected by the proceeding. *Hiller,* 167 S.W. at 462.

Berra finished its work on Lot 243 on November 25, 1998, in conformity with its contract with PML. Therefore, according to section 429.080 it had six months from that date, which would be May 25, 1999, to file its lien. Berra timely filed its lien on April 14, 1999. Berra also had to commence its action to enforce its lien within six months of filing the lien, which would be October 14, 1999. Berra's action to enforce the lien against PDC and PML was timely commenced on May 14, 1999. However, Berra did not file its amended petition to join City as a party until November of 1999, well after the six month statute of limitations in section 429.170 had run. If City owned an interest in the property, although nominally a permissive party under Section 429.190, it was equally necessary for the efficacy of a lien against the property that City be joined. If City owned an interest in the property at the time Berra filed its mechanic's lien, then Berra's failure to join City in the suit before the expiration of the statute of limitations in section 429.170 precludes it from enforcing the lien against the property. However, if City did not have an interest in Lot 243 then Berra has perfected its lien on Lot 243 and can proceed accordingly. The trial court granted Berra's summary judgment motion because it found that City had no interest or to the extent that it had an interest, it was inferior to Berra's lien.

---

4. The following cases cited refer to section 8228 Rev. St.1909, which is a precursor to current section 429.170. The statute of limi- tations was changed from 90 days to six months.

■ Appellate review of the propriety of summary judgment is essentially de novo. *Schlueter v. City of Maryland Heights*, 946 S.W.2d 273, 275 (Mo.App.1997). Summary judgment is appropriate "where the pleadings, depositions and admissions on file, together with affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Miller v. Missouri Dept. of Transp.*, 32 S.W.3d 170, 174 (Mo.App.2000). When considering appeals from summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

■ The summary judgment facts in the record fail to show that there is no genuine issue of material fact as to City's ownership interest in Lot 243. In its first amended petition, Berra pleaded that PML transferred title to this real property to City. A party is bound by their pleadings. *Construction Materials Co. v. Grund*, 192 S.W.2d 45 (Mo.App.1946). Generally, "allegations in a petition, admitted in an answer, are judicial admissions and obviate any need for any evidence on that issue." *Piel v. Piel*, 918 S.W.2d 373, 375 (Mo.App.1996). Normally, Berra would be bound by this admission, which would defeat Berra's right to summary judgment on the issue of City's ownership of Lot 243. But City denied this allegation in its answer to Berra's first amended petition. Since the allegation was not admitted, City's denial left that issue in dispute.

Additionally, Berra asserts that its motion for summary judgment established as a matter of law that City is not and never has been an owner of Lot 243. This is in contrast to the allegations of Berra's first amended petition, in which it asserted that PML transferred title to Lot 243 to City on March 17, 1999. In its motion for summary judgment, Berra included as an uncontested matter of fact that City had received a quitclaim deed from PPL in February 1999 purporting to convey Lot 243 to City. City filed no response to Berra's motion for summary judgment. Berra argues that City's failure to specifically deny Berra's contentions as required by Rule 74.04(c) requires that the factual assertions in Berra's motion must be taken as true. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d at 376. Assuming as true the existence of the quitclaim deed by PPL merely shows for summary judgment purposes that City acquired whatever interest PPL had in Lot 243. The motion for summary judgment does not show that City had no interest in Lot 243.

At best, Berra's motion for summary judgment and its first amended petition raise factual questions about the ownership of Lot 243. Berra's motion for summary judgment includes a general warranty deed by which PPL conveyed the real estate to PML in May, 1997. If PPL had conveyed all its interest in the real estate to PML and had no interest in the Lot at the time of its quitclaim deed to City in February, 1999, then City would have acquired no title by virtue of the quitclaim deed. Yet Berra's first amended petition alleged that PML transferred title to the real estate to City on or about March 17, 1999. That was prior to the running of the six-month statute of limitations for mechanic's liens and prior to the filing of Berra's lien claim. Berra's motion for summary judgment does not allege summary judgment facts which establish as a matter of law that City had no interest in the real estate during the relevant period of time.

A genuine dispute remains as to a material fact in this case, whether City owned an interest in Lot 243 at the time Berra filed its mechanic's lien. If City owned an interest in the property, Berra should have joined City prior to the expiration of the statutory six-month limitation period under section 429.170 in order for Berra to be entitled to enforce its mechanic's lien on Lot 243. If City did not own any interest in the property, then Berra's lien may be enforced against Lot 243. Accordingly, the grant of summary judgment was improper.

The judgment is reversed and remanded for further proceedings consistent with this opinion.[5]

WILLIAM H. CRANDALL JR. and JAMES R. DOWD, JJ., concur.

5. Respondent's motion to dismiss the appeal based on City's lack of jurisdiction is denied.