**WEST CENTRAL CONCRETE, LLC, Appellant,**

v.

**Jim REEVES d/b/A Reeves & Sons Construction, Aaron McClure & Tricia McClure, Robert L. Cox, Trustee and Hawthorn Bank, Respondents.**

**No. WD 71462.**

Missouri Court of Appeals, Western District.

June 1, 2010.

R. Scott Gardner, Sedalia, MO, for appellant.

Jim Reeves, respondent pro se.

J. Eric Mitchell, Clinton, MO for respondents McClures.

Robert L. Cox, Clinton, MO, for respondents Hawthorn and Cox.

Before Division One: KAREN KING MITCHELL, Presiding Judge, LISA WHITE HARDWICK, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

West Central Concrete, LLC ("West Central") appeals from a trial court judgment dismissing its mechanic's lien enforcement action for lack of prosecution. West Central contends that the trial court abused its discretion in dismissing the action because the factual findings in the trial court's judgment are contrary to the facts reflected on the trial court's docket sheet. West Central also maintains that the trial court failed to include a finding in its judgment that the delay in serving one of the defendants, Jim Reeves d/b/a Reeves & Sons Construction ("Reeves"), was "unnecessary." We affirm.

## Facts and Procedural History[1]

This is an appeal from a judgment of the circuit court of Henry County dismissing West Central's mechanic's lien enforcement action for lack of prosecution. The action arose out of an unpaid debt owed by Reeves to West Central for materials and labor furnished in the construction of concrete footings, walls, and floors for a residence owned by Aaron and Tricia McClure (the "McClures"). Reeves was the general contractor responsible for construction of the McClures' residence.

On November 5, 2008, West Central filed its statement of mechanic's lien against the McClures' property with the Clerk of the Circuit Court of Henry County.

On November 17, 2008, West Central filed suit to enforce its mechanic's lien. The suit named the McClures, Reeves, Hawthorn Bank ("Hawthorn"), which held a deed of trust on the McClures' property, and Robert Cox ("Cox"), the trustee on the deed of trust, as defendants. Summons issued for all defendants two days later. An initial hearing was scheduled for December 22, 2008.

All defendants, except Reeves, were served, and filed answers to West Central's Petition or otherwise entered an appearance by December 16, 2008. On December 22, 2008, the trial court rescheduled the hearing set for that date to February 9, 2009, because Reeves had not yet been served. A 'non-est' return on Reeves's summons was filed on December 30, 2008, indicating no attempts at service had been made.

West Central obtained an alias summons for Reeves on January 9, 2009. However, service on Reeves was not obtained, and on February 9, 2009, the trial court again

---

1. We review the evidence in the light most favorable to the trial court's judgment. *Peer-* *less Supply Co. v. Indus. Plumbing & Heating Co.,* 460 S.W.2d 651, 657 (Mo.1970).

continued the hearing scheduled for that date to March 23, 2009.

On February 10, 2009, West Central filed a Request for Pluries Summons for Reeves. The summons was issued on February 17, 2009. On February 21, 2009, a special process server picked up copies of the pluries summons. However, service on Reeves was not secured.[2]

On March 23, 2009, the rescheduled hearing date, West Central did not appear. The trial court rescheduled the hearing to May 11, 2009, but noted that the case was subject to being dismissed for lack of prosecution because Reeves had not been served. The trial court's docket entry for March 23, 2009, indicates that West Central was directed to request another summons.

By May 11, 2009, the rescheduled hearing date, Reeves still had not been served, and West Central had not requested another summons. However, the trial court agreed to once again reschedule the hearing to July 13, 2009. The trial court's docket sheet reflects that West Central was again directed to request another summons.

On May 21, 2009, Hawthorn and Cox filed a Motion to Dismiss West Central's mechanic's lien enforcement action for failure to diligently prosecute. On May 26, 2009, the McClures filed a similar Motion to Dismiss. Both Motions were set for hearing on June 8, 2009. That hearing was subsequently continued to July 13, 2009.

On June 29, 2009, West Central requested a summons and the appointment of a special process server. The summons was issued on the same day, and the special process server was provided copies of the summons to serve on Reeves. The record does not include a return of this service, but in West Central's suggestions in opposition to the pending Motions to Dismiss, which West Central filed on August 5, 2009, West Central represented that attempts were made to serve Reeves at an address provided for Reeves in another County.

On July 10, 2009, three days before the July 13, 2009 rescheduled hearing date, West Central request an order permitting service of Reeves by publication in the Clinton Daily Democrat. On the same day, an Order for Service by Publication of Notice was issued. The trial court continued the hearing on the Motions to Dismiss which had also been scheduled for July 13, 2009, to permit the filing of suggestions in support and suggestions in opposition.

On August 20, 2009, the trial court issued its judgment of dismissal for lack of prosecution, stating that West Central had failed to join Reeves, a necessary party, and that West Central had failed to prosecute its action in a timely fashion. The trial court found that West Central's attempts at service, even by publication, had not been diligent. On the same day, a return of service on the Affidavit of Publication was filed. This appeal follows.

## Standard of Review

The trial court's judgment dismissing West Central's mechanic's lien enforcement action for failure to diligently prosecute is subject to review for an abuse of discretion:

> The general rule is that a dismissal for want of prosecution is within the sound discretion of the trial court. Reversal by an appellate court requires a finding that the trial court abused its discretion.

---

2. The record on appeal contains no return of service for either the alias summons or the pluries summons. We are unable to discern whether, or how many times, service of either summons was attempted.

Because the ruling is discretionary it is presumed correct and appellant bears the burden of showing an abuse of discretion. Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable men can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

*State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 804 (Mo. banc 1988) (internal citations omitted).

### Analysis

In West Central's sole point on appeal, it claims that the trial court abused its discretion by dismissing its mechanic's lien for failure to diligently prosecute. West Central maintains that the findings included in the trial court's judgment are inconsistent with the docket entries and that the trial court erred by failing to include a finding in its judgment that West Central's delay in securing service on Reeves was "unnecessary" as required by section 429.170.[3]

Section 429.190 mandates that all parties to a construction contract giving rise to a mechanic's lien *shall* be made parties to an action to enforce the lien. Reeves was the general contractor responsible for construction of the McClures' residence and was the person with whom West Central contracted. Reeves was thus a necessary party to West Central's mechanic's lien enforcement action. In the absence of Reeves's proper joinder, the action could not proceed. *Cent. Wholesale Distrib., a Div. of Topeka Lumber, Inc. v. Day*, 672

S.W.2d 88, 96 (Mo.App. W.D.1984). West Central does not dispute this point.

Section 429.170 requires an action to enforce a mechanic's lien "shall be commenced within six months after filing the lien, and *prosecuted without unnecessary delay*." (Emphasis added.) "[A]n action is commenced by the filing of a petition and the issuance of a summons." *Hennis v. Tucker*, 447 S.W.2d 580, 583 (Mo.App. 1969). West Central filed its statement of mechanic's lien on November 5, 2008, and filed its petition to enforce the mechanic's lien on November 17, 2008. Summons issued to all defendants two days later. Thus, West Central commenced its enforcement action within six months of filing its mechanic's lien as required by section 429.170.

Section 429.170 describes two obligations of a mechanic's lien claimant, however. Not only must the enforcement action be technically commenced within six months of filing of the lien, the enforcement action must be "prosecuted without unnecessary delay." When, as here, a necessary party to the proceedings, Reeves, had not been served, the enforcement action could not be further prosecuted. Thus, though the enforcement action was timely commenced, in a technical sense, a subsequent finding of timely commencement of a suit to enforce presumes that service on all necessary parties is thereafter diligently (and successfully) pursued. "[U]nless a plaintiff ... exercises due diligence in obtaining service of process the statute continues to run." *Hennis*, 447 S.W.2d at 583. The purpose of the relatively short period of limitations to commence enforcement of mechanic's liens is to achieve prompt determination of lien claims, which encumber private property. *Id.* at 584.

---

3. All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

There is no dispute in this case that the six month "statute of limitations" within which West Central was obligated to commence its enforcement action (including diligent attempts to serve all necessary parties) expired on May 5, 2009. There is no dispute that Reeves, a necessary party, was not served by this date. Reeves was not served, in fact, until the Affidavit of Service by Publication was filed on August 20, 2009. This was nearly three months after the six month statute of limitations had expired and nine months after the enforcement action was commenced by the filing of West Central's petition and the issuance of initial summons.

 The trial court concluded that West Central failed to diligently prosecute its action and thus effectively failed to commence its action within the six month statute of limitations set forth in section 429.170. To reach this conclusion, the trial court was required to determine whether there was " 'such delay in the issuance of other process following the return of the original writ as to interrupt the continuity of the suit so that the running of the statute became a bar to the suit.' " *Cont'l Elec. Co. v. Ebco, Inc.*, 375 S.W.2d 134, 137 (Mo.1964) (quoting *Mayne v. Jacob Michel Real Estate Co.*, 237 Mo.App. 952, 180 S.W.2d 809, 810 (1944)). "Mere delay, however lengthy, is not sufficient grounds for dismissal. It is only *unnecessary* delay that is prohibited." *Vonder Haar Concrete Co. v. Edwards–Parker, Inc.*, 561 S.W.2d 134, 138 (Mo.App.1978) (emphasis added). However:

> [There are no] general standards by which it may be determined when and under what circumstances one's lack of diligence to proceed in the issuance of

process may amount to a discontinuance of the action or destroy the effectiveness of the pending proceeding. Each situation must depend upon all circumstances in which the relevant facts appear.

*Peerless Supply Co.*, 460 S.W.2d at 658.

Here, there was a period of inactivity in attempts to serve Reeves for approximately four months between the issuance of the pluries summons on February 17, 2009, and the issuance of a summons on June 29, 2009. In the intervening time frame, the six month statute of limitations expired. When the original summons for Reeves was returned 'non-est,' "it was the duty of [West Central] to make use of other means of service available." *Hennis*, 447 S.W.2d at 584. West Central did make three attempts to secure service on Reeves between the filing of its petition and the issuance of the failed pluries summons on February 17, 2009. However, West Central did nothing to secure service on Reeves for four months thereafter and waited until July 10, 2009, to secure an order to permit service by publication—an option which had been available to West Central all along.[4] Though West Central was on notice in March 2009 that its action was subject to dismissal for failure to prosecute, and though West Central knew by late May that the remaining defendants were actively seeking dismissal for lack of prosecution, and though West Central had to have known that its six month statute of limitations was set to expire on May 5, 2009, absent diligent efforts to prosecute its action, West Central remained inexplicably idle. When West Central did attempt service by publication-a relatively foolproof means of assuring service-it was on the eve of the oft rescheduled hearing

---

4. In Respondent's Joint Brief they argue that the service by publication was effected in the wrong county. After reviewing the record, we find this argument is without merit. West

Central filed its action in Henry County. Pursuant to Rule 54.12(c)(4), service by publication "shall be published ... in the county where the civil action is commenced."

and the date the Motions to Dismiss were set for argument.[5]

West Central offers no explanation for its delays[6] but suggests that the longest delay without activity was "only four months." However, West Central ignores by this contention its statutory obligation to "prosecute without unnecessary delay." Section 429.170. West Central also ignores that the short time frame permitted for the commencement of mechanic's lien enforcement actions is predicated on a desire to expedite the resolution of lien claims, as liens encumber marketable title to the distinct and obvious prejudice of the property owner. Based on this record, we do not believe the trial court's decision to dismiss West Central's mechanic's lien enforcement action for failure to diligently prosecute was so arbitrary and unreasonable as to shock the sense of justice.

Though West Central timely filed its action to enforce mechanic's lien, it failed to prosecute the action without unnecessary delay. Because the delay involved the failure to secure service on a necessary party, the effect of West Central's delay was to "interrupt the continuity of the suit so that the running of the statute became a bar to the suit." *Cont'l Elec. Co.*, 375 S.W.2d at 137.[7]

■■■ West Central complains that findings in the judgment are inconsistent with the docket sheet and includes a comparative chart in its brief to so illustrate. Yet, West Central does not explain in any greater detail, other than by this general contention, how the judgment findings and docket sheet entries materially differ. Our review of the chart reveals no material differences.[8]

---

5. Though it has not so argued in this appeal, West Central argued in its Suggestions Opposing Dismissal of its Petition that it had delayed service by publication because such service would not have permitted it to secure an *in personam* judgment against Reeves. This is a hollow argument. A mechanic's lien enforcement action is designed to permit recovery against property. Though a subcontractor's lien enforcement action is often joined with a breach of contract claim against the general contractor, it is self-evident that the subcontractor is in the predicament of being required to seek enforcement of its mechanic's lien because the general contractor has not paid (and perhaps cannot pay) the subcontractor. Faced with dismissal of its lien enforcement action, and thus with the possible loss of the most likely means of recovering payment, it is implausible that West Central did not earlier pursue service of Reeves by publication simply because it was worried it would be unable to obtain a judgment permitting it to collect money from Reeves.

6. West Central argued in its Suggestions Opposing Dismissal of it Petition that it had been looking for Reeves, without success. West Central did not advance this argument in its brief. However, it did provide this explanation for the period of inactivity in attempting service during oral argument. At the same time, West Central conceded at oral argument that it learned of Reeves's location in late March or early April, 2009. Despite this knowledge, no effort was made to secure service until June 29, 2009, when an alias summons was requested. We note, in any event, that service by publication would not have required West Central to know of Reeves's location and is usually predicated on the fact that a defendant's location is unknown.

7. As written, Section 429.170 permits a trial court to treat the obligation to prosecute an action to enforce a mechanic's lien without unnecessary delay as independent of the obligation to timely commence such a case. This permits a trial court to dismiss for failure to prosecute without unnecessary delay without concluding that the delay effectively resulted in the action not being timely commenced.

8. The final entry on West Central's chart does indicate that both the judgment of dismissal and return of service on Affidavit of Publication were filed on August 20, 2009. However, there is no indication that the notice of publication was filed before the judgment was filed. We therefore cannot conclude that the trial court's finding in its judgment that

West Central also argues that the trial court "did not make any findings of fact or state whether it considered any evidence about whether any delay was 'unnecessary delay.'" West Central cites to *Fuhler v. Gohman & Levine Construction Co.*, 346 Mo. 588, 142 S.W.2d 482, 486 (1940), implying that *Fuhler* stands for the proposition that a finding in the trial court's judgment that delay was "unnecessary" is required. This is a mischaracterization of *Fuhler*. *Fuhler* merely recognizes that dismissal of a mechanic's lien enforcement action for unnecessary delay must be supported by the evidence. *Id.* West Central offers no authority to suggest that a trial court is required to make a specific finding in its judgment that the delay was "unnecessary." [9] We conclude no such finding is required. As long as the record supports a finding of "unnecessary delay" in prosecution, it is immaterial whether the judgment includes an express finding that delay was "unnecessary."

West Central also argues that the trial court improperly resorted to its inherent power to dismiss a matter for lack of diligent prosecution instead of employing its statutory power to dismiss for "unnecessary delay." Yet West Coast fails to articulate any meaningful distinction between the two "standards" in its brief and concedes at oral argument that there is no practical difference between the two standards. Though the trial court concluded that West Central "failed to diligently prosecute its action," the trial court's judgment expressly references section 429.170. We can safely assume, therefore, that the trial court was aware of section 429.170's reference to "unnecessary delay." There is no functional distinction between "prosecute without unnecessary delay" and "diligent prosecution." We cannot accept, therefore, West Central's contention that the trial court abused its discretion because its judgment articulated the standard it applied to dismiss West Central's action by a synonymous phrase to that employed in section 429.170.

### Conclusion

The judgment of the trial court is affirmed.

All concur.

"plaintiff has still failed to join a necessary party" was clearly contrary to the evidence then before it. Moreover, even if the Affidavit of Service by Publication was filed before the entry of the trial court's judgment, the mere fact that Reeves had finally been served did not prevent the trial court from concluding that West Central had failed to diligently prosecute its mechanic's lien enforcement action.

9. We note that if such a finding was required, West Central would not have preserved the issue for our review, as it failed to file a Rule 78.07(c) motion to amend with the trial court.