Dustin BRAY, Appellant,

v.

Kimberly SEXTON, et al., Defendants,

and

Wells Fargo Bank, N.A., Respondent.

No. ED 105372

Missouri Court of Appeals,
Eastern District,
DIVISION THREE.

Filed: December 5, 2017

FOR APPELLANT: Andrew R. Kasnetz, Timothy C. Sansone, Joseph F. Devereux III, 600 Washington Avenue, 15th Floor, St. Louis, MO 63101-1313.

FOR RESPONDENT: Trenton K. Bond, 147 North Meramec Avenue, St. Louis, MO 63105.

ROBERT M. CLAYTON III, Judge

Dustin Bray ("Plaintiff") appeals the judgment granting Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss Plaintiff's petition to enforce a mechanic's lien. The trial court dismissed Plaintiff's petition as to Wells Fargo on the grounds Plaintiff's action was not commenced within the six-month statute of limitations set forth in section 429.170 RSMo 2000,[1] because although Plaintiff's petition was filed within the applicable six-month period, the summons for Wells Fargo was not issued within that timeframe. We reverse and remand.

## I. BACKGROUND

This case concerns the enforceability of a mechanic's lien for labor and materials allegedly furnished by Plaintiff at real property located at 6169 Westminster Place in the City of St. Louis ("the Property"). Plaintiff, a general contractor, alleges in his petition that on December 1, 2008, he entered into a contract with the owners of the Property to provide the labor and materials necessary for the renovation of the Property, and the owners agreed to pay him $178,000 upon completion of his work. Plaintiff also alleges he completed the renovation work on or before April 27, 2015 and he made a demand for payment of $178,000, but the owners failed and refused to pay. Accordingly, on July 27, 2015, Plaintiff filed a mechanic's lien against the Property in the Office of the Clerk of the Circuit Court of the City of St. Louis.

On January 27, 2016, which was exactly six months after his mechanic's lien was filed, Plaintiff filed a petition to enforce his mechanic's lien in the Circuit Court of the City of St. Louis. The petition was filed against several underlying defendants including the purported owners of the Property and Wells Fargo, which has an interest in the Property pursuant to a deed of trust.[2] The docket sheets indicate that al-

---

1. All further statutory references are to RSMo 2000.

2. In addition to Wells Fargo, underlying defendants consisted of: Kimberly Sexton; the Kimberly Sexton Trust; Ryan Sullivan; Aman-

though Plaintiff paid the requisite filing fee for his petition and the petition was accepted and deemed filed on January 27, there was an insufficient filing fee for the issuance of summonses in the amount of $43.00, and the summonses were not issued on January 27. Plaintiff paid the additional $43.00 filing fee on January 28, and the circuit clerk issued the summonses on February 4.

Subsequently, Wells Fargo filed a motion to dismiss Plaintiff's petition to enforce his mechanic's lien, arguing Plaintiff failed to commence his action within the six-month statute of limitations set forth in section 429.170. In its motion to dismiss, Wells Fargo conceded Plaintiff's petition was filed within the applicable six-month period but argued the action was not timely commenced because the summons for Wells Fargo was not issued within that timeframe. Plaintiff filed a response contending his action was timely filed because an action is commenced upon the filing of a petition alone and his petition to enforce was filed within six months of the filing of his mechanic's lien.

The Honorable Julian L. Bush and the Honorable Robert H. Dierker, Jr. (collectively "the trial courts") each made a relevant ruling in this case.[3] First, Judge Bush entered an order dismissing Plaintiff's petition as to Wells Fargo, because case law from this Court supported Wells Fargo's position that an action is commenced upon the filing of a petition and the issuance of a summons and because the summons for Wells Fargo was not issued within the six-month statute of limitations set forth in section 429.170. In his order, Judge Bush expressed "doubts as to the[ ] soundness" of the relevant case law from this Court because it ignored the 1972 amendment to Missouri Supreme Court Rule 53.01 and because the Rule currently provides, "[a] civil action is commenced by filing a petition with the court."[4] Nevertheless, Judge Bush's order ultimately dismissed Plaintiff's petition as to defendant Wells Fargo because it was "not for [a trial] court to ignore appellate opinions[.]"

Plaintiff then filed a motion to reconsider, which was heard and denied by Judge Dierker, who, agreeing with Judge Bush's concerns in his Rule 53.01 analysis, "decided *not* to vacate Judge Bush's order ... because the [c]ourt [wa]s convinced the prior order can be certified for immediate appeal, and it [wa]s in the best interests of all parties that the status of the claim against [Wells Fargo] be resolved at the earliest possible time." (emphasis in original). The trial court then noted, "the parties agreed at oral argument that the viability of [P]laintiff's lien ultimately depends on its priority over the deed of trust held by Wells Fargo," and the court certified the judgment as final and appeal-

da Sullivan; Equity Trust Company FBO #79987; Envoy Mortgage, LP; C. Bailey; Mortgage Electronic Registration Systems, Inc.; and Banccommercial LLC. Wells Fargo is the only underlying defendant that is a party to this appeal.

3. For the purpose of clarity, we will refer to the Honorable Julian L. Bush individually as "Judge Bush," and we will refer to the Honorable Robert H. Dierker, Jr. individually as "Judge Dierker," "the trial court," or "the court." To avoid unnecessary repetition, the specific case law relevant to this case, includ-

ing cases referenced in the trial courts' rulings, will be discussed in Section II. of this opinion.

4. 1972 was the last time Missouri Supreme Court Rule 53.01 was amended, and that amendment is reflected in the current version of the Rule (effective Dec. 1, 1972—present). *Compare* Missouri Supreme Court Rule 53.01 (1972), *with* Missouri Supreme Court Rule 53.01 (1973), *and* Missouri Supreme Court Rule (2017). Unless otherwise indicated, all references to Rules are to Missouri Supreme Court Rules (2017).

able because there was no just reason for delay. This appeal followed.

## II. DISCUSSION

In Plaintiff's sole point on appeal, he asserts the trial court erred in dismissing his petition as to Wells Fargo on the grounds Plaintiff's action was not commenced within the six-month statute of limitations set forth in section 429.170. For the reasons discussed below, we agree.

### A. The Standard of Review and the Statute of Limitations

 Our Court's review of a trial court's decision granting a motion to dismiss a petition is de novo. *McMillan v. Pilot Travel Centers, LLC*, 515 S.W.3d 699, 701 (Mo. App. E.D. 2016). Similarly, whether a statute of limitations bars a plaintiff's cause of action is also reviewed de novo. *Id.*; *Davison v. Dairy Farmers of America, Inc.*, 449 S.W.3d 81, 83 (Mo. App. W.D. 2014).

Section 429.170, which is the statute of limitations for mechanic's lien cases, provides an action to enforce a mechanic's lien:

> ... shall be commenced within six months after filing the lien, and prosecuted without unnecessary delay to final judgment; and no lien shall continue to exist by virtue of the provisions of said

sections, for more than six months after the lien shall be filed, unless within that time an action shall be instituted thereon, as herein prescribed.

Section 429.170; *see Sachs Elec. Co. v. HS Const. Co.*, 86 S.W.3d 445, 450 (Mo. App. E.D. 2002).

### B. Relevant Law and Analysis

In this case, it is undisputed Plaintiff's petition to enforce his mechanic's lien, which was filed on January 27, 2016, was filed within six months after Plaintiff filed his mechanic's lien on July 27, 2015. It is also undisputed the summons for Wells Fargo issued by the circuit clerk on February 4, 2016 was not issued within six months after Plaintiff filed his mechanic's lien. The issue in this case is whether, for purposes of the six-month statute of limitations set forth in section 429.170, an action to enforce a mechanic's lien is commenced by, (1) the filing of a petition alone; or (2) the filing of a petition and the issuance of a summons.

First, we look to the statutes in Chapter 429 discussing the practice associated with mechanic's liens. While section 429.170 specifies there is a six-month statute of limitations for mechanic's lien cases, there is no other provision in that chapter defining the "commencement" of a mechanic's lien action filed by a claimant.[5] *See* section

---

**5.** We note that section 429.310, "the statutory provision applicable to cross claimants in equitable mechanics lien suits[,]" provides the following procedure for the commencement of an action by a cross-claimant:

> Any answer, or other pleading, or motion, or entry of appearance followed by pleading in due course, filed or made in any such equitable action by any mechanic's lien claimant, within six months after the preliminary statement for the lien of such claimant has been filed in the proper office therefor, as required by law, or, when filed, or made, at the time required by law on a summons in such equitable action, issued

before or within such six-months' period within which suits on mechanics' liens including this equitable action are required to be commenced, provided such equitable action is still pending, shall be deemed a commencement of an action by such mechanic's lien claimant.

Section 429.310; *Drilling Service Co. v. Baebler*, 484 S.W.2d 1, 13 (Mo. 1972). Section 429.310 is inapplicable here because this case involves a mechanic's lien action filed by Plaintiff as a claimant. Furthermore, all further references to commencement of mechanic's lien actions in this opinion are to actions filed by claimants.

429.170; *see generally* Chapter 429. Without guidance from Chapter 429, we look to the general rule on the commencement of a civil action set forth in Rule 53.01. *See Slack v. Englert*, 617 S.W.2d 483, 486 (Mo. App. E.D. 1981) (similarly finding with respect to wrongful death actions); section 429.180 (providing "[t]he pleadings, practice, process and other proceedings in cases arising under sections 429.010 to 429.340 shall be the same as in ordinary civil actions and proceedings in circuit courts, except as herein otherwise provided"); *see also Kingston Elec., Inc. v. Wal-Mart Properties, Inc.*, 901 S.W.2d 260, 265 (Mo. App. E.D. 1995) (applying a rule of civil procedure in a case involving a mechanic's lien).

Rule 53.01 provides: "A civil action is commenced by filing a petition with the court." The current and applicable version of the Rule makes no reference to "suing out of process" or "issuance of a summons." *See id.* As indicated in the trial courts' analysis, there has been some confusion over when an action is commenced in mechanic's lien cases because of language in appellate court opinions reiterating and perpetuating the requirement of the issuance of a summons to commence a mechanic's lien action. Wells Fargo persuasively cites to these relatively recent decisions from this district and the Western District in support of this requirement and its corresponding argument. *See West Central Concrete, LLC v. Reeves*, 310 S.W.3d 778, 782 (Mo. App. W.D. 2010) ((citing *Hennis v. Tucker*, 447 S.W.2d 580, 583 (Mo. App. 1969)) (citing to the old version of Rule 53.01)); *Lee Deering Elec. Co. v. Pernikoff Const. Co.*, 247 S.W.3d 577, 581 (Mo. App. E.D. 2008) ((citing *City-Wide Asphalt Co., Inc. v. Industrial Paving, Inc.*, 838 S.W.2d 480, 482 (Mo. App. W.D. 1992) (citing *Continental Elec. Co. v. Ebco, Inc.*, 375 S.W.2d 134, 137 (Mo. 1964)) (citing to the old version of Rule 53.01))); *J.H. Berra Paving Co., Inc. v. City of Eureka*, 50 S.W.3d 358, 361 (Mo. App. E.D. 2001) (same); *City-Wide*, 838 S.W.2d at 482 ((citing *Continental*, 375 S.W.2d at 137) (citing to the old version of Rule 53.01)).

However, all of the cases cited to by Wells Fargo directly or indirectly rely on precedent from the 1960's, *see id.*, applying the former version of Rule 53.01, which provided: "The filing of a petition and *suing out of process* therein shall be deemed the commencement of a civil action." Missouri Supreme Court Rule 53.01 (1972) (emphasis added). Applying this language in the earlier version of the Rule, the cases from the 1960's required the filing of the petition and the issuance of a summons to commence a mechanic's lien action. *See Continental*, 375 S.W.2d at 137; *Hennis*, 447 S.W.2d at 583. While the relatively recent cases relied upon by Wells Fargo mention the purported requirements for commencement of a mechanic's lien action for purposes of the statute of limitations, none of those cases directly involved that issue or directly addressed the requirements of the post-1972 version of Rule 53.01. *See West Central*, 310 S.W.3d at 782; *Lee Deering*, 247 S.W.3d at 581; *J.H. Berra*, 50 S.W.3d at 361; *City-Wide*, 838 S.W.2d at 482; *see also* footnote 6.

In contrast, the Missouri Supreme Court has directly addressed the requirements of the post-1972 version of Rule 53.01 and the question of what steps are required under the Rule for the commencement of a general civil action. The Supreme Court has held that Rule 53.01, in its current and applicable form, "only requires the filing of a petition with the court to commence [an] action." *Bailey v. Innovative Management & Inv., Inc.*, 890 S.W.2d 648, 650 (Mo. banc 1994); *Ostermueller v. Potter*, 868 S.W.2d 110, 111 (Mo. banc 1993); *see* Rule 53.01 (providing that "[a] civil action is com-

menced by filing a petition with the court"). The purpose of the 1972 amendment to Rule 53.01 and the elimination of the issuance of the summons requirement from the definition of commencement was "to create certainty as to when a lawsuit is commenced" and to put the timing of commencement in the party's hands rather than it being subject to the hands of the circuit clerk. *State ex rel. Kaufman v. Hodge*, 908 S.W.2d 137, 138-39 (Mo. App. E.D. 1995); *see* Rule 54.01(a) (providing that "[u]pon the filing of a pleading requiring service of process, the clerk shall forthwith issue the required summons or other process"). As explained by this Court:

> [W]hen a party files a petition, 'the party has done all the party can do.' The issuing of the summons 'is not in the party's hands, but in the hands of the clerk.' Delay may occur due to matters even beyond the clerk's control, such as insufficient staff, staff who are out sick or on vacation, or a heavy volume of cases. Thus, [the old version of Rule 53.01] would appear unfair to penalize the party for any delay in the clerk's office in issuing the summons.

*Hodge*, 908 S.W.2d at 139 (internal citations and brackets omitted) (quoting *State ex rel. Evans v. Broaddus*, 245 Mo. 123, 149 S.W. 473, 476 (1912)); *see also Slack*, 617 S.W.2d at 485 (finding that before the amendment to Rule 53.01, "obstruction in the issuance of summons or service delayed commencement in [some] cases").

Wells Fargo argues the 1972 amendment to Rule 53.01, which requires only the filing of a petition with the court to commence an action, does not apply to the instant mechanic's lien case. *See Bailey*, 890 S.W.2d at 650; *Ostermueller*, 868 S.W.2d at 111; *see also* Rule 53.01. We see no support in rule or statute for mechanic's lien cases to be treated differently under Rule 53.01 than any other civil action.

 To the extent *West Central, Lee Deering, J.H. Berra*, and *City-Wide* have stated that a mechanic's lien action is commenced by the filing of a petition and the issuance of a summons, we decline to follow those cases.[6] Instead, based upon the plain language of the post-1972 version of Rule 53.01 and controlling decisions from the Missouri Supreme Court in *Bailey* and *Ostermueller*, we hold a plaintiff's mechanic's lien action is commenced by the filing of a petition alone. *Compare* Rule 53.01 (1973), *and* Rule 53.01 (2017); *see Bailey*, 890 S.W.2d at 650; *Ostermueller*, 868 S.W.2d at 111; *see also Linn v. Moffitt*, 73 S.W.3d 629, 636 (Mo. App. E.D. 2002) and *Hodge*, 908 S.W.2d at 138-39 (similarly finding). Because there is no suggestion the current version of Rule 53.01 was improperly adopted, the Rule is binding on courts, and it is our duty to enforce it. *See Sitelines, L.L.C. v. Pentstar Corp.*, 213 S.W.3d 703, 707 (Mo. App. E.D. 2007). Additionally, our Court is also "constitutionally bound to follow the latest controlling decisions of the Missouri Supreme Court." *McMillan*, 515 S.W.3d at 706.

---

**6.** Unlike in this case where the direct and only issue on appeal is what triggers commencement of a mechanic's lien action for purposes of the six-month statute of limitations set forth in section 429.170, the cases relied on by Wells Fargo directly involved other issues that this Court's opinion need not take a position on or address. *See West Central*, 310 S.W.3d at 780-85 (whether a party failed to diligently prosecute a mechanic's lien action and joinder); *Lee Deering*, 247 S.W.3d at 579-83 (joinder and whether a cause of action for unjust enrichment was properly pled); *J.H. Berra*, 50 S.W.3d at 359-63 (joinder and whether a party had an ownership interest in real estate); *City-Wide*, 838 S.W.2d at 481-83 (pre-judgment interest, the disallowance of a lien, and whether a party used due diligence to obtain service of process).

It is undisputed Plaintiff's petition to enforce his mechanic's lien, filed on January 27, 2016, was filed within six months after Plaintiff filed his mechanic's lien on July 27, 2015. Therefore, Plaintiff's action was commenced within the six-month statute of limitations set forth in section 429.170, and the trial court erred in dismissing Plaintiff's petition as to Wells Fargo on the grounds Plaintiff's action was barred by the statute of limitations. Point granted.

## III. CONCLUSION

The trial court's judgment dismissing Plaintiff's petition as to Wells Fargo is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

Gary M. Gaertner, Jr., P.J., and Angela T. Quigless, J., concur.