**WHISPERING VALLEY LAKES IM-PROVEMENT ASSOCIATION, Plaintiff–Appellant,**

v.

**FRANKLIN COUNTY MERCANTILE BANK, Defendant–Respondent.**

**No. 64869.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 6, 1994.

Application to Transfer Denied
Aug. 15, 1994.

Isidore I. Lamke, Kimme & Lamke, Washington, for defendant-respondent.

David L. Baylard, Daniel J. Briegel, Briegel, Baylard, P.C., Union, for plaintiff-appellant.

CRANDALL, Presiding Judge.

Plaintiff, Whispering Valley Lakes Improvement Association (Association), appeals from the order of the trial court granting the motion of defendant, Franklin County Mercantile Bank (Bank), for partial summary judgment. The trial court found that the issue of the Bank's personal liability was the primary issue in the case and because the lots were being publicly sold for delinquent taxes, the court made an express determination that there was no just reason for delay and made its order final for purposes of appeal. *See* Rule 74.01(b). We reverse and remand.

Pine Ford Land Developer Company was the original owner of Whispering Lakes Subdivision. On April 15, 1967, prior to the sale of any lots, the developer recorded a list of restrictive covenants and conditions pertaining to the subdivision. These restrictive covenants provided for assessments, to maintain the common use areas, against each lot with each assessment constituting a lien against the lot until paid. The covenants were designated to run with the land and to be binding until April 15, 1972, at which time the covenants were to be automatically extended for ten years unless by a vote of the majority of owners it was agreed to change such covenants in whole or part. On March 14, 1982, the restrictive covenants were amended by a majority of the lot owners to provide that each assessment would become both a lien on the property and the personal obligation of the owner of the property. These amended restrictions were recorded on July 27, 1982. On September 30, 1983, Bank acquired a deed of trust secured by lots in the subdivision. On October 10, 1985, Bank foreclosed on the deed of trust and acquired ownership of these same lots. Assessments have been made against these lots and remain unpaid by Bank.

Association brought an action seeking a personal judgment against Bank for unpaid subdivision assessments. The trial court granted Bank's motion for partial summary

judgment finding that Bank could not be held personally liable for the subdivision assessments because the original owners did not impose, as a condition of ownership, personal liability for subdivision assessments nor did any predecessor in interest to Bank specifically agree to or consent to the imposition of personal liability. The trial court reasoned that under the contract theory of covenants, the powers of a majority to amend covenants does not include the power to alter the nature of the underlying obligation to impose personal liability unless the predecessor owner has specifically consented to the alteration.

When considering an appeal from summary judgment, we will review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance v. Mid-Am. Marine*, 854 S.W.2d 371,376 (Mo. banc 1993). A defending party may establish a right to judgment by showing "(1) facts that negate any one of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense." *Id.* at 381. We view the record in the light most favorable to the non-moving party. This means that the movant bears the burden of establishing a right to judgment as a matter of law on the record as submitted; any evidence in the record that presents a genuine dispute as to the material facts defeats the movant's prima facie showing. *Id.* at 382.

On appeal, the salient issue is whether the trial court erred in finding, as a matter of law, that the covenants which originally provided that unpaid assessments should be a lien on the land could not be amended to impose a personal obligation on property owners or their successors.

A covenant is simply an agreement between the grantor and grantee which requires the performance or the nonperformance of some specified duty with regard to real property, including an agreement to do or not to do a particular act. Holly Piehler Rockwell, Annotation, "Easement, Servitude, or Covenant As Affected By Sale For Taxes", 7 A.L.R.5th 187, 201. Real covenants "touch or concern" the land and "run with the land." *Lake Wauwanoka, Inc. v. Spain*, 622 S.W.2d 309, 312 n. 6 (1981). Personal covenants do not run with the land but are binding on successive owners who purchase with actual or constructive notice. *Id.* Covenants simply create rights and duties relating to land. *Lake Wauwanoka, Inc. v. Spain*, 622 S.W.2d at 312.

Covenants between the original owner and original grantee are in the nature of a contract. Those covenants are binding on successors in title who take with actual or constructive notice. *Lake Wauwanoka, Inc. v. Spain*, 622 S.W.2d at 312 n. 6. Covenants in a deed are essentially promises, and as such, are only reformed upon proof of fraud or mistake. *Id.* at 314.

Here, the original indentures provided for imposition of liens for unpaid assessments. The parties do not contest the binding effect of the original covenants. The indentures also specifically provided power to the majority of land owners to amend the covenants in whole or in part. The amendment herein was made within the time limitation provided in the indentures and recorded prior to Bank taking title to the lots.

The issue then is not one of reformation, but rather the interpretation of the original indentures. The original grantor reserved the right to alter or change the covenants without the specific consent of the grantees. The original grantees purportedly agreed to be bound by a majority vote of the property owners. Thus, the agreement between the original parties provided for amendment. Bank, having notice of the amendment to the covenants, may be bound by them. Bank's possible personal liability for assessments as a successor in title is therefore a justiciable issue sufficient to preclude summary judgment. Based upon the present record, the trial court erred in finding that Bank is entitled to judgment as a matter of law.

The judgment of the trial court granting partial summary judgment is reversed and the cause is remanded.

REINHARD and CRIST, JJ., concur.