

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **RVR ENTERPRISES, INC.,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | **WD86332** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **May 14, 2024** |
| **CINNAMON HILL, LLC,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
**The Honorable Kevin M.J. Crane, Judge**

**Before Division Three:** Cynthia L. Martin, Presiding Judge, and
Mark D. Pfeiffer and Edward R. Ardini, Jr., Judges

Appellant RVR Enterprises, Inc. ("RVR"), appeals from the judgment of the

Circuit Court of Boone County, Missouri ("trial court"), granting Respondent Cinnamon

Hill, LLC's ("Cinnamon Hill"), motion for judgment on the pleadings. We affirm.

## Factual and Procedural Background

RVR is a corporation that operates hotels in Missouri. On December 21, 2011,

RVR entered into a Contract for Purchase of Real Estate ("the Agreement") with MDS

Real Estate Associates, LLC ("MDS"), for the purchase of Lots 103 and 104 of

Cross-Creek Center Plat 1-A ("the Development"). The Agreement contains a "Restrictive Covenant Not to Compete" ("the Restrictive Covenant") which provides, "[f]rom the date of the Agreement, [MDS] shall not promote, or convey any other lot in the [Development] owned by [MDS] for the operation of Hotels/Motels, Resorts, or Hotel/Conference Centers . . . ."

On September 10, 2019, MDS conveyed another Lot in the Development—Lot 108 A—to WTF Holding Co., LLC ("WTF"). On August 11, 2021, WTF conveyed Lot 108 A to Cinnamon Hill. Subsequently, Cinnamon Hill began building a four-story hotel on Lot 108 A.

On October 18, 2022, RVR initiated a lawsuit to enforce the Restrictive Covenant and prevent further building on Lot 108 A by filing an original petition with the trial court. A first amended petition ("Petition") was filed December 1, 2022, naming Cinnamon Hill and three other defendants (including MDS and WTF). The Petition contains three counts, but only Count I—which prays for a temporary restraining order, a preliminary injunction, and a permanent injunction—seeks relief against Cinnamon Hill.

The Petition does *not* allege that Cinnamon Hill had actual or constructive notice of the Restrictive Covenant when it purchased the property from WTF. Nor does it plead that the Agreement or any document containing the Restrictive Covenant was ever recorded with the Boone County Recorder of Deeds. The only allegation of "notice" of the Restrictive Covenant in the Petition that even *mentions* Cinnamon Hill states:

> Garrett Taylor of Van Matre Law Firm, PC., represents Cinnamon Hill, LLC., A Civil Group, LLC., and MDS Real Estate Associates and had notice or had constructive notice of the covenant not to compete as it was

an attorney from his firm that negotiated and jointly drafted the Agreement between RVR and MDS.

On May 22, 2023, Cinnamon Hill filed a motion for judgment on the pleadings primarily relying upon the fact that it had no notice of the Restrictive Covenant at the time it purchased Lot 108 A. On June 8, 2023, the trial court entered and signed a "Judgment as to Count One" ("Judgment"), stating:

> On June 5, 2023, this Court took up the Motion for Judgment on the Pleadings as to Count One filed by Separate Defendant Cinnamon Hill, LLC. After due consideration, this Court grants said Motion. This Judgment disposes all claims against Separate Defendant Cinnamon Hill, LLC and this Court finds there is no just reason for delay.

RVR appeals the Judgment.[1]

## Points on Appeal

RVR asserts three points on appeal. In its first point on appeal, RVR contends the trial court erred by failing to inform RVR that it was converting Cinnamon Hill's motion for judgment on the pleadings to a motion for summary judgment, thereby denying RVR an adequate opportunity to respond. In its remaining points, RVR contends the trial court misapplied the law in granting Cinnamon Hill's motion for judgment on the pleadings. The briefing on all three points asks us to examine issues of "notice of the Restrictive Covenant to RVR," so we take them up together.

---

[1] We have jurisdiction to hear the appeal because the Judgment meets the necessary elements of a final judgment in that it (1) is in writing; (2) is denominated a "judgment"; (3) is signed by the trial judge; (4) fully resolves all the rights and liabilities with respect to the claims asserted against at least one party (Cinnamon Hill); and (5) certifies "there is no just reason for delay." *Butala v. Curators of Univ. of Mo.*, 620 S.W.3d 89, 93 (Mo. banc 2021).

3

**Standard of Review**

"Rule 55.27(b) allows for a judgment on the pleadings." [2] *Grove v. Sutliffe*, 916 S.W.2d 825, 828 (Mo. App. W.D. 1995). Review of a trial court's grant of a motion for judgment on the pleadings is *de novo*. *Blackwood, Langworthy & Tyson, LLC, v. Knipp*, 571 S.W.3d 108, 114 (Mo. App. W.D. 2019). "Review of a grant of a motion for judgment on the pleadings requires this Court to decide whether the moving party is entitled to judgment as a matter of law on the face of the pleadings." *Id.* (quoting *Morgan v. Saint Luke's Hosp. of Kansas City*, 403 S.W.3d 115, 117 (Mo. App. W.D. 2013)). "For purposes of the motion, the well-pleaded facts pleaded by the nonmoving party are treated as admitted." *Id.* (quoting *Morgan*, 403 S.W.3d at 117). "The reviewing court is primarily concerned with the correctness of the result, not the route taken by the trial court to reach it; therefore, the trial court's judgment will be affirmed if it is correct on any ground supported by the record regardless of whether the trial court relied on that ground." *Id.* (internal quotation marks omitted) (quoting *Morgan*, 403 S.W.3d at 117).

**Analysis**

RVR first argues the trial court erred by "sustaining [Cinnamon Hill's] motion for judgment on the pleadings, because the [trial court] failed to give notice as provided by Rule 55.27(b) that it was treating the motion [as one] for summary judgment." This argument plainly has no merit. The trial court's Judgment, recited in its entirety earlier

---

[2] All Rule references are to MISSOURI COURT RULES-STATE 2023.

herein, only refers to its ruling on Cinnamon Hill's motion for judgment on the pleadings. It likewise does not refer to any "undisputed material facts." Rather, as recognized by the jurisdictional statement provided in RVR's own briefing, "*[t]his is an appeal from the grant of a motion for judgment on the pleadings*."

RVR's appellate briefing argument suggests that comments made by the trial court during a hearing on the motion for judgment on the pleadings rise to the level of converting the motion for judgment on the pleadings to a motion for summary judgment. We disagree. Though the trial court asked RVR's counsel, and counsel confirmed, that the Agreement (or any instrument with the Restrictive Covenant language) was never recorded with the Recorder of Deeds, when a trial court's judgment has no reference to findings of fact or conclusions of law, we disregard oral statements made by the trial court at hearings and base our decision only on the reasons outlined in the judgment. *Harvey v. Dir. of Revenue*, 371 S.W.3d 824, 826-28 (Mo. App. W.D. 2012). And, where no reasons are provided, we affirm on any basis supported by the record. *Id.* at 828.

Accordingly, RVR's Point I is without merit, and we proceed to our *de novo* review of the trial court's Judgment granting the motion for judgment on the pleadings.

Missouri recognizes two categories of restrictive covenants, covenants that "run with the land" and "personal" restrictive covenants and, irrespective of the category of restrictive covenant, a successor in interest must take burdened property with actual or constructive notice of the burden for the covenant to be enforceable against a successor. *Poage v. Quincy, O. & K. C. R. Co.*, 23 S.W.2d 221, 225 (Mo. App. 1930) ("To make even an ordinary purchaser of land liable for a covenant running with the land, the

5

purchase must have been made with notice."); *Whispering Valley Lakes Imp. Ass'n v. Franklin Cnty. Mercantile Bank*, 879 S.W.2d 572, 574 (Mo. App. E.D. 1994) ("Personal covenants do not run with the land but are binding on successive owners who purchase with actual or constructive notice.").[3]

Actual notice includes documents, such as a title policy or a title commitment, that inform the subsequent purchaser the land is burdened at the time of purchase. *Hamrick v. Herrera*, 744 S.W.2d 458, 462 (Mo. App. W.D. 1987). Even when a purchaser is not directly furnished with such documents, they are still "bound with constructive notice of all recorded instruments and any recital therein lying within the chain of title." *Forst v. Bohlman*, 870 S.W.2d 442, 447-48 (Mo. App. E.D. 1994); *Gross v. Watts*, 104 S.W. 30, 36 (Mo. 1907). Conversely, "a deed or instrument lying outside his chain of title imparts no notice." *Basore v. Johnson*, 689 S.W.2d 103, 109 (Mo. App. S.D. 1985) (citing *Gross*, 104 S.W.3d at 36) (other citations omitted).

Though the Petition does not allege Cinnamon Hill had actual or constructive notice of the Covenant through chain of title, RVR argues a lack of recordation does not thwart its claims because the Restrictive Covenant is a creature of contract rather than deed conveyance. However, this is a distinction without difference for purposes of our analysis. Regardless of whether a restrictive covenant is borne out of deed or contract,

---

[3] This requirement applies with equal force to suits brought in equity. *See Christiansen v. Casey*, 613 S.W.2d 906, 910 (Mo. App. W.D. 1981) (holding that notice is a requirement for the enforcement of restrictive covenants in Missouri and has practical application for determining equitable relief); *Weber v. Les Petite Acads.*, 548 S.W.2d 847, 852 (Mo. App. 1976) ("equity will not step in and impose an implied restriction unless a negative covenant was clearly understood by all the parties").

notice of such restrictive covenant is required to bind subsequent purchasers. As stated in

*Cook v. Tide Water Associated Oil Co.*,

> [T]he general rule long has been that where the common grantor of two adjoining lots sells one and retains the other, and puts in the deed of the one which he sells a covenant against building in a certain way, which covenant is manifestly intended for the benefit of the lot which is retained, and he afterwards sells this lot to another the covenant passes to the assign of such lot as an appurtenance to it, or as an easement for the benefit of it, and such assign may enforce it against the owner of the other lot, whether he acquired the other lot immediately from the original vendor or through mesne conveyances, or by devise, descent, or otherwise; ***provided he took with notice of it, actual or constructive***. <u>***And, the same is true with respect to a written agreement restricting use of real estate***</u> . . . .

281 S.W.2d 415, 418 (Mo. App. 1955) (cleaned up) (emphasis added).

RVR attempts to save its argument by contending that Cinnamon Hill *was* notified of the Restrictive Covenant through the *imputed* knowledge of its attorneys. Specifically, RVR pleads at paragraph 16 of the Petition that *the Van Matre Law Firm* (i.e., *not* Cinnamon Hill), which *currently represents* Cinnamon Hill, had actual or constructive notice of the Restrictive Covenant because one of its attorneys (a different attorney than the attorney who currently represents Cinnamon Hill) represented MDS when the Agreement between RVR and MDS was drafted ***in 2011***. But *RVR does not make any allegation that Cinnamon Hill was represented by the attorneys in question <u>when Cinnamon Hill entered into the real estate transaction ten years later with WTF on August 11, 2021</u>, or that Cinnamon Hill had knowledge of the Agreement at that time or any other time*. RVR's bare assertion that the law firm of Cinnamon Hill's *current* attorney had notice of the Covenant through their representation of MDS ten years prior is not, as a matter of law, imputed to Cinnamon Hill. *See Bayne v. Jenkins*, 593 S.W.2d

7

519, 533 (Mo. 1980) ("[I]t is the longstanding rule that the knowledge an attorney acquire[d] while in the service of one client will not be imputed to another client[.]"); *see also Lomax v. Sewell*, 50 S.W.3d 804, 812 (Mo. App. W.D. 2001) (holding that knowledge gained by an attorney while representing will contestants in a prior action could not be imputed to a new client through the opening of an estate).

Here, the trial court did not need to look beyond the Petition to determine that Cinnamon Hill lacked actual or constructive notice of the Covenant because *RVR did not plead that Cinnamon Hill was furnished with a copy of the Agreement at the time of purchase, had actual notice of the Agreement, nor that the Agreement was recorded with the Recorder of Deeds.*

There is no error where a trial court, taking all allegations as true, enters judgment on the pleadings because a petitioner fails to state an element necessary to sustain the action. *See Lee Deering Elec. Co. v. Pernikoff Constr. Co.*, 247 S.W.3d 577, 583 (Mo. App. E.D. 2008) (holding no error where a trial court entered judgment on the pleadings for the movant because the petitioner failed to plead an essential element of its unjust enrichment claim).

RVR's points on appeal are denied.

## Conclusion

The trial court's judgment relating to Count One of the underlying lawsuit is affirmed.

_____
Mark D. Pfeiffer, Judge

Cynthia L. Martin, Presiding Judge, and Edward R. Ardini, Jr., Judge, concur.